

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 126 |
| ) | |
| v. ) | Honorable Charles R. Norgle |
| ) | |
| ) | |
| ERIC REYES ) | |

OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is the Government's Santiago Proffer, which describes the Government's basis for asserting the existence of a conspiracy or joint venture that included the Defendant Eric Reyes. Through the Santiago Proffer, the Government proposes to offer evidence of coconspirator statements under Federal Rules of Evidence 801(d)(2)(E), 801(d)(2)(D) and under United States v. Santiago, 582 F.2d 1128 (7th Cir. 1987). For the following reasons, this Court finds that the Government has met its burden by a preponderance of the evidence under Santiago and Bourjaily to show that: (1) a conspiracy existed; (2) Defendant Reyes became part of the conspiracy; and (3) the proposed statements were made during the course and in furtherance of the conspiracy. Accordingly, the alleged coconspirators' statements are admissible against Defendant Reyes.

I. ADMISSION OF COCONSPIRATOR'S STATEMENTS

Under FED. R. EVID. 801(d)(2)(E) statements made by a coconspirator during the course and in furtherance of the conspiracy are not hearsay. United States v. Williams, 44 F.3d 614, 617 (7th Cir. 1995). Rule 801(d)(2)(E) applies not only to conspiracies, but also to joint ventures. United States v. Kelly, 864 F.2d 569, 573 (7th Cir. 1989). There need not be a formal

conspiracy charge for statements to be admitted under Rule 801(d)(2)(E), if the government establishes that a "criminal venture existed and that the statements took place during and in furtherance of that scheme." United States v. Reynolds, 919 F.2d 435, 439 (7th Cir. 1990); Kelly, 864 F.2d at 573. For a statement to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence that (1) a conspiracy existed; (2) the defendant and the person making the statement were members of the conspiracy; and (3) the statement was made during the course and in furtherance of the conspiracy. United States v. Brookins, 52 F.3d 615, 623 (7th Cir. 1995); United States v. Stephens, 46 F.3d 587, 597 (7th Cir. 1995).

District Courts make a ruling on the admissibility of a coconspirator's statements pursuant to Rule 104(a) before they are admitted at trial. United States v. Santiago, 582 F.2d 1128, 1130-35 (7th Cir. 1978); United States v. Cox, 923 F.2d 519, 526 (7th Cir. 1991). In determining whether a defendant was a member of a conspiracy for the purposes of Rule 801(d)(2)(E), the court can consider the statements sought to be admitted. Williams, 44 F.3d at 617. The government is not required to prove that there was a formal agreement, and circumstantial evidence indicating the defendant's membership in the conspiracy can also be considered. United States v. Schumpert, 958 F.2d 770, 773 (7th Cir. 1992). To show that a defendant was involved in the conspiracy, the government must show that he (1) knew of the conspiracy, and (2) intended to associate himself with the criminal scheme. United States v. Sullivan, 903 F.2d 1093, 1098 (7th Cir. 1990).

The preferred way for the government to make its preliminary "coconspirator statement" factual showing is by the filing of a pretrial written proffer of the government's evidence. U.S. v. Stephenson, 53 F.3d 836, 842, 43 (7th Cir. 1995). The Court should consider the proferred

2

coconspirator statements in determining both the existence of a conspiracy and a defendant's participation in it. Bourjaily v. United States, 483 U.S. 171, 180 (1987). The admissibility of conspirators' declarations "is not contingent on demonstrating by non-hearsay evidence either the conspiracy or a given defendant's participation." United States v. Martinez de Ortiz, 907 F.2d 629, 634 (7th Cir. 1990)(en banc). The contents of the proffered coconspirator statements "are not alone sufficient" to establish the existence of a conspiracy and a defendant's participation in it. FED. R. EVID. 801(d)(2)(E). The Court must consider in addition [to the coconspirator statements themselves] the circumstances surrounding the statement, such as the identity of the speaker, the context in which the statement was made, or the evidence corroborating the contents of the statement. United States v. Zambrana, 841 F.2d 1320, 1344-45 (7th Cir. 1988).

### A. Membership in and the Existence of the Conspiracy

The evidence showing a defendant's membership in a conspiracy may be either direct or circumstantial evidence. United States v. Irorere, 228 F.3d 816, 823 (7th Cir. 2000); United States v. Patterson, 213 F. Supp. 2d 900, 910-11 (N.D. Ill. 2002). Indeed, because of the secretive character of conspiracies, direct evidence is elusive, and hence the existence and the defendants' participation can usually be established only by circumstantial evidence. United States v. Redwine, 715 F.2d 315, 319 (7th Cir. 1983).

> A conspiracy may exist even if a coconspirator does not agree to commit or facilitate each and every part of the substantive offense. [citation omitted] The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other. [citation omitted] If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators.

Salinas v. United States, 522 U.S. 52, 63-4 (1997).

3

The government need not prove that a defendant knew each and every detail of the conspiracy or played more than a minor role in the conspiracy. Any of the defendants may be found guilty even if they joined or terminated their relationship with core conspirators at different times. United States v. Morrow, 971 F.Supp. 1254, 1256-57 (N.D. Ill. 1997).

## B. The "In Furtherance of" Requirement

The Court can consider a proffered coconspirator statement itself in determining whether it was made "in furtherance of" the conspiracy. United States v. Shoffner, 826 F.2d 619, 627 n.12 (7th Cir. 1987). In addition, in determining whether a statement was made "in furtherance" of the conspiracy, courts look for a reasonable basis upon which to conclude that the statement furthered the conspiracy. Id. at 628; United States v. Oliva, No. 02 CR 275, 2003 WL 367062, at *6 (N.D. Ill. Feb. 12, 2003). Under the reasonable basis standard, a statement may be susceptible to alternative interpretations and still be "in furtherance of the conspiracy." Shoffner, 826 F.2d at 628. Yet, the statement need not have been made exclusively, or even primarily, to further the conspiracy in order to be admissible under the coconspirator exception. United States v. Johnson, 200 F.3d 529, 533 (7th Cir. 2000); United States v. Powers, 75 F.3d 335, 340 (7th Cir. 1996). Rather, the record need only contain some reasonable basis for concluding that the statement in question furthered the conspiracy in some respect. Stephenson, 53 F.3d at 845. Finally, it is immaterial that statements otherwise "in furtherance" were made to a government witness or agent. Mahkimetas v. United States, 991 F.2d 379, 383 (7th Cir. 1985).

The Government has a relatively low burden of proof on the issue of whether a statement is made "in furtherance" of a conspiracy. Shoffner, 826 F.2d at 628. Such statements can take on a variety of forms, and the Seventh Circuit has upheld the admission of a wide assortment of coconspirators statements. For instance, statements used to recruit potential coconspirators, id.,

update others on a conspiracy's progress, United States v. Potts, 840 F.2d 368, 371 (7th Cir. 1987), control damage to an ongoing conspiracy, United States v. Van Daal Wyk, 840 F.2d 494, 499 (7th Cir. 1988), inform or reassure the listener, United States v. Sophie, 900 F.2d 1064, 1073 (7th Cir. 1990, plan or review co-conspirators' exploits, United States v. Molt, 772 F.2d 366, 369 (7th Cir. 1985), and attempt to conceal or protect the conspiracy, United States v. Kaden, 819 F.2d 813, 820 (7th Cir. 1987), have been approved as statements made "in furtherance of" conspiracies. In turn, the court recognizes that "conspiracy is serious business, and talk about it among or by the conspirators should not be presumed to be unrelated to the accomplishment of the conspiracy's goals." United States v. Pallais, 921 F.2d 684, 688 (7th Cir. 1990).

Also, statements made during the course of and in furtherance of a conspiracy, even at its beginning stages, are admissible against those who arrive late to join a going concern. Potts, 840 F.2d at 372. Moreover, conversations made by conspirators to prospective coconspirators for membership purposes are acts in furtherance of the conspiracy. Shoffner, 826 F.2d at 628. A conspirator who has become less active in the conspiracy nevertheless is liable for his conspirators' further statements unless he openly disavows the conspiracy or reports it to the police. United States v. Maloney, 71 F.3d 645, 654-55 (7th Cir. 1995)(mere inactivity on the part of the conspirator is not sufficient to constitute withdrawal).

Statements that are "part of the information flow between conspirators intended to help each perform his role" are statements "in furtherance." United States v. Gajo, 290 F.3d 922, 929 (7th Cir. 2002); United States v. Hunt, 272 F.3d 488, 495 (7th Cir. 2001). Assurances that a coconspirator can be trusted or relied upon to perform his role are considered to further the conspiracy. United States v. Buishas, 791 F.2d 1310, 1315 (7th Cir. 1986). Statements designed to conceal a conspiracy also are deemed to be "in furtherance" where ongoing concealment is a

5

purpose of the conspiracy. Gajo, 290 F.3d at 928-29; United States v. Markowski, 772 F.2d 358, 366 (7th Cir. 1985). Therefore, "statements made to keep coconspirators informed about the progress of the conspiracy, to recruit others or to control damage to the conspiracy are in furtherance of the conspiracy. Stephenson, 53 F.3d at 845.

### C. Confrontation Issues and Admissions

"The requirements for admission under 801(d)(2)(E) are identical to the requirements of the Confrontation Clause," so there is "no constitutional problem" once the Rule's requirements are met. Bourjaily, 483 U.S. at 182-83; United States v. Ceballos, 302 F.3d 679, 689 n.2 (7th Cir. 2002)(confrontation clause of the Sixth Amendment does not apply to statements admitted in furtherance of a conspiracy); United States v. Patterson, 171 F.Supp.2d 804, 806 (N.D. Ill. 2001)(citing United States v. Singleton, 125 F.3d 1097, 1107 (7th Cir. 1997)). In weighing the admissibility of the proffered coconspirator statements, the trial court does not consider whether the co-conspriator/declarant is "unavailable," United States v. Inadi, 475 U.S. 387, 400 (1986), nor does the court engage in an independent inquiry into the "reliability" of a proffered statement. Bourjaily, 483 U.S. at 182-83.

Various statements made during the course of a conspiracy are independently admissible and do not require a Rule 801(d)(2)(E) analysis. A defendant's own statements, for example, are admissible against him pursuant to Rule 801(d)(2)(A), without reference to the coconspirator statement rule. A defendant's own admissions are powerfully relevant to establish the factual predicates for the admission of coconspirator statements against him. United States v. Godinez, 110 F.3d 448, 455 (7th Cir. 1997). The coconspirator statement rule is also implicated where the relevant verbal declaration is not a "statement" within the meaning of Rule 801(a), that is, not an

6

"assertion" subject to verification; an example would be an order or a suggestion. See United States v. Tuchow, 768 F.2d 855, 868 n.18 (7th Cir. 1985).

Moreover, the coconspirator statement analysis is also not implicated where the relevant verbal declaration is not offered in evidence to prove the truth of the matter asserted, and therefore does not constitute "hearsay" as defined by FED. R. EVID. 801(c). Accordingly, statements by alleged coconspirators may be admitted against a defendant, without establishing the Bourjaily factual predicates, when such statements are offered simply to show, for instance, the existence, the illegality, or the nature or scope of the charged conspiracy. Gajo, 290 F.3d at 929-30.

## II. THE GOVERNMENT'S SANTIAGO PROFFER

Pursuant to these standards, and after close review of the statements and circumstances surrounding the statements set forth in the Government's Santiago Proffer, this Court finds that the Government has shown, by a preponderance of the evidence, that Defendant Reyes either conspired or entered into a joint venture with Miguel Diaz ("Diaz"), David Johnson ("Johnson") and Henry Tam ("Tam") to commit the offenses with which he is charged.

The Government indicates that the evidence will show that Diaz and Reyes were co-venturers, in that Reyes agreed with Diaz that he would ask Tam for a contractor's letter of intent, which Diaz would then provide to Johnson in exchange for $1,000. Diaz believed that Johnson had no intention of using Tam as a contractor. Reyes acted according to his agreement with Diaz, as he procured the contractor's letter of intent.

The Government proposes to introduce evidence of Reyes and Diaz's agreement through consensual recordings made by Johnson of conversations between Johnson and Diaz regarding the contractor's letter of intent. In the recordings, the Government indicates that Diaz assured

7

Johnson that he could obtain the contractor's letter of intent for $1,000. The Government submits that phone records will show that Reyes contacted Tam to arrange for receipt of the contractor's letter of intent and that Diaz, in turn, contacted Tam to retrieve the letter. Reyes then contacted Tam to inform him that he had not gotten the contracting job.

The Government, accordingly, has met its burden under Santiago to show by a preponderance of the evidence that either a conspiracy or joint venture existed and that Reyes became part of that conspiracy or joint venture. The Government may therefore offer evidence of coconspirator statements under FED. R. EVID. 801(d)(2)(E) in support of its case against Defendant Reyes.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 5/8/08